Brockenbrough, J.
The defendant in error, Luke Griffith of the county of Ohio, having apprehensions that' his slave William Lee would leave him and depart the commonwealth, applied to a justice of the peace for a warrant to commit him to the jail of the county, under the act of assembly concerning servants and slaves, passed the 25th of February 1824 (Supplement to Rev. Code, ch. 179. § 4. p. 237.) The act declares that whenever the owner or master of a slave shall desire' io confine him in the jail of any county &c. it shall be lawful for any justice of the peace in such county &c.,.upon the application of such master or owner, to grant a warrant to the jailor, authorizing him to receive such slave into his custody, and to confine him in said jail, provided such justice shall be of opinion that such slave may be so confined without public inconvenience : and that it shall be thereupon lawTul for the jailor to receive the slave into his custody, and to keep him until released by the master, or until public convenience shall require his discharge. The magistrate issued the warrant, and set forth the bause of commitment, but did. ndt insert in it his opinion that the slave might be so confined without public inconvenience. The war *446 rant was signed by the magistrate, but was not sealed. The slave was- committed, and shortly after escaped from the jail.
Griffith then instituted his action on the case against Burley, sheriff of the county, for the escape. The'declaration charges both a voluntary and negligent escape in different counts, and also charges the defendant with the failure to make immediate pursuit for the purpose of retaking the slave. The defendant filed a general demurrer to the declaration, which was overruled: he also pleaded the general issue; there was a trial by a jury, who assessed the plaintiff’s damages to 300 dollars, and a judgment was rendered. At the trial, the defendant filed a bill of exceptions to the opinion of the court admitting the warrant to be given in evidence against him.
Several objections have been made to the judgment, which will now be noticed.
The objection to the declaration raised by the demurrer is, that the name of the justice who issued the warrant is not given in either count. To this it has been properly answered, that the warrant is only inducement to the action, and need not be set out with particularity. It is moreover clear that the omission of the name of the justice in the recital of the warrant, is not so essential to the action, as that judgment cannot be given according to law and the very right of the cause; it should therefore have been specially alleged as a cause of demurrer. It is an objection of mere form, having no substance in it.
Several objections are made to the warrant going in evidence to the jury. The first is, that the declaration charges that a slave named Bill was committed to the jail, whereas the warrant is against one named William Lee. This frivolous objection was not made at the trial; on the contrary, the defendant’s bill of exceptions states that the plaintiff offered in evidence a warrant com *447 manding the keeper of the jail to receive into his custody the negro slave in the declaration mentioned ; thus admitting that the slave mentioned in the declaration, and that in the warrant, was the same slave: and the jury were entirely competent to decide on the identity. The next objection is, that the warrant does not set out the opinion of the justice that the slave might be confined in jail without public inconvenience. The act does not require it. The proviso is merely directory to the magistrate. If he thinks that the jail is too fall of debtors or criminals, or that it is otherwise inconvenient to the public to authorize masters to place their slaves there for safekeeping, he will not issue the warrant; otherwise, he may issue it. But there is no occasion for stuffing the warrant with that irrelevant matter. The third objection to the warrant’s going in evidence is, that it is not under the seal of the justice. This is the most formidable objection, because most of the elementary writers lay down the position that the warrant ought to be under the hand and seal of the justice. 4 Black. Com. 290. But yet it has been decided that it is sufficient if it be in writing and signed by him, unless a seal is expressly required by a particular act of parliament. Willes’ Rep. 411. And Buller, in his Nisi Prius, p. 88. says, that “ warrant, ex vi termini, means only an authority; therefore a warrant under the hand of the justice is sufficient, without being under seal, unless particularly required by act of parliamentand refers to Padfield v. Cabbel et al. 16 & 17 Geo. 2. in C. B. This appears to be sound doctrine ; and if it is true when applied to a warrant in a criminal case, which commands, how much more reasonable is it in case of a warrant which merely authorizes the jailor to receive the person sent to him. if the warrant had not been strictly legal, a question might have arisen whether the defendant could have objected to it, the jailor having received the slave under its authority. To meet this view *448 of the case, the defendant stated in his bill of exceptions that Burley was not the jailor in fact, but only such, as being the high sheriff; and that one George Caruthers was the jailor in fact, who received the slave, and was jailor at the time of the escape. It is contended on the one side, that if the warrant was not lawful, the sheriff was not liable, but only Caruthers personally as bailee. On the other hand, it is argued that as the jailor is only the deputy of the sheriff, the latter is liable for the misconduct of his agent in acting under an unlawful authority. It is not necessary to decide this question, as it does not arise.
The last objection is to the sufficiency of the verdict. It is supposed that this case comes within the meaning of the act in 1 Rev. Code, ch. 136. § 3, p. 650. and that the jury should expressly find that the prisoner escaped with the consent or through' the negligence of the officer. In the case of Hooe v. Tebbs, 1 Munf. 501. one of the court thought that in an action on the case, where the plaintiff charged that the prisoner escaped by negligence and by permission, a general verdict of guilty was equal to an express finding of the charges laid in the declaration ; but the other two judges thought that the words of the act were unambiguous, and that the jury must find those facts. That law applies only to debtors confined under execution, and does not extend to such a case as this, in terms; nor should it be made to embrace it by implication, as it is very clear that the escape of the slave either by negligence or permission, was the very matter in controversy before the jury, and by their verdict they affirm that fact. The judgment should be affirmed.
The other judges concurring, judgment affirmed.